IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN ERNESTO LEON CERON,   :
   :
       Petitioner,   :   3:26-cv-1762
   :   (JUDGE MARIANI)
   v.   :
   :
ATTORNEY GENERAL OF   :
THE U.S., *et al.*,   :
   :
       Respondents.   :

## MEMORANDUM OPINION

### I.     BACKGROUND

Petitioner Marvin Ernesto Leon Ceron ("Petitioner"), a citizen of El Salvador, filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner

is detained at FCI Lewisburg within the Middle District of Pennsylvania and names as

Respondents the Attorney General of the United States and Jessica Sage, Warden of FCI

Lewisburg.

Petitioner entered the United States without inspection at an unknown date and

location. (Doc. 7 at 4). On July 14, 2024, Petitioner was arrested in Maryland for Assault in

First Degree, Assault in the Second Degree, Disorderly Conduct, Disturbing the Peace, and

Failure to Obey a Reasonably Lawful Order. (*Id.* at 5). Petitioner was convicted of Assault

in the Second Degree and sentenced to three years imprisonment. (*Id.*).

Upon his release from state custody, ICE took Petitioner into custody on November 20, 2024. (*Id.*). He has remained detained without bond since. Petitioner was served with Notice to Appear charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. On June 30, 2025, an Immigration Judge ("IJ") ordered Petitioner removed to El Salvador. (Doc. 7-4).

Petitioner timely appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"). (Doc. 7 at 6). On April 22, 2026, the BIA dismissed Petitioner's appeal. (Doc. 7-5). Petitioner appealed to the United States Court of Appeals for the Third Circuit and was granted a temporary stay of removal.[1] (Doc. 7-6).

Petitioner claims he is being unlawfully detained by Respondents without a bond hearing under the mandatory detention provision of the INA, 8 U.S.C. § 1225(b), instead of the discretionary detention provision of the INA, 8 U.S.C. § 1226(a). This distinction matters because noncitizens detained pursuant to 8 U.S.C. § 1225(b) are not entitled to a bond hearing, whereas noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing before an Immigration Judge ("IJ"). *Patel v. O'Neil*, 2025 WL 3516865, at *2 (M.D.

---

[1]    Because the Third Circuit granted a temporary stay of removal, Petitioner's detention is governed by the pre-removal order detention statutes, 8 U.S.C. § 1225 or 8 U.S.C. § 1226, not the post-removal order detention statute, 8 U.S.C. § 1231. *See Olerewaju v. Lowe*, 2026 WL 1045076, at *5 (M.D. Pa. Apr. 17, 2026) ("With the Third Circuit's temporary stay of removal and review of the BIA's decision, [petitioner's] order of removal is not yet final, and he remains in pre-order of removal detention."). Put differently, Petitioner's 90-day removal period has yet to commence because the Third Circuit granted a temporary stay of removal. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following: (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.").

Pa. Dec. 8, 2025) (citations omitted).  Petitioner further claims that his detention without a bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution.

As directed by the Court, the Respondents filed a response to the Petition on July 2, 2026.  (Doc. 7).  The Respondents do not dispute the factual allegations contained in the petition and recognizes that "this Court and other jurists in this District have rejected" their arguments regarding mandatory detention without bond.  (*Id.* at 2).  Rather, the Respondents set forth legal arguments as to why Petitioner's detention is lawful under 8 U.S.C. § 1225(b).  But, as discussed more fully below, Respondents' interpretation of the INA—the same one they advance here—has already been rejected by this Court and the overwhelming majority of federal judges to address this issue.  *See Patel*, 2025 WL 3516865, at *4 n.7 (M.D. Pa. Dec. 8, 2025 (collecting cases).  Indeed, the United States Court of Appeals for the Second Circuit rejected the same interpretation advanced by the Respondents.  *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not

apprehended while entering the country or shortly thereafter."). The United States Court of Appeals for the Sixth, Tenth, and Eleventh Circuits have also rejected the Respondents' interpretation of the statutory provision at issue here. *See Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11 Cir. 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (similar); *Santillian Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026) (similar).

## II.   STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a

discharge from custody.  *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations

omitted)

## III.    ANALYSIS

Although not raised by either party, the Court has jurisdiction to consider the

petition.[2]

Turning to the merits of the petition, the Court will first consider the two statutory

provisions of the INA at issue.  8 U.S.C. § 1225(b) is a statute entitled "Inspection by

immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing."

It provides, in relevant part:

> **(b) Inspection of applicants for admissions**
> **(2) Inspection of other aliens**
> **(A) In General**
> Subject to subparagraph (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

8 U.S.C. § 1225(b)(2)(A).  8 U.S.C. § 1226, in contrast, is entitled "Apprehension and

detention of aliens."  It provides, in relevant part:

> **(a) Arrest, detention, and release**
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

---

[2]    The Court incorporates by reference its prior analyses set forth in similar habeas petitions filed by civil immigration detainees.  *See Patel*, 2025 WL 3516865, at *1-7; *see also Richeme v. Warden*, 2026 WL 937546, at *1-7 (M.D. Pa. Apr. 7, 2026).  Furthermore, Petitioner is not required to exhaust his administrative remedies.  *Id.*

     (1) may continue to detain the arrested alien; and
     (2) may release the alien on—
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole; but
     (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

As the Court previously found, "the overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing." *Patel*, 2025 WL 3519895, at *4 (collecting cases). "These courts have further found that the statutory provisions of the INA that Respondents' claim divest this Court of jurisdiction do not apply to persons similarly situated to Petitioner and that there is no need to exhaust administrative remedies prior to filing a habeas petition." *Id.*

As before, "the Court finds that the near universal rejection of Respondents' interpretation of the INA by federal district courts to be highly persuasive and will adopt the same approach." *Id.* at *5. Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful

6

under the INA because the plain language of this provision and the statutory framework of the INA compels a finding that § 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Petitioner who have resided in the United States for years.[3] *See Bethancourt Soto v. Soto*, 807 F. Supp. 3d. 397, 408 (D.N.J. 2025) ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States.  Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'"); *see also Patel*, 2025 WL 3516865 at *5 (same).

Like other Courts to address this issue, the Court finds that Respondents' interpretation of the phrase "seeking admission" violates the rule against surplusage, would negate the plain meaning of the text, and make redundant Section 1226(c) mandatory detention of noncitizens who have committed or are charged with certain specified crimes.[4]

---

[3]    The Supreme Court has also acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining … *aliens already in the country pending the outcome of removal proceedings.*" *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (emphasis added); *Id.* at 303 ("As noted, § 1226 applies to aliens already present in the United States."). In addition, despite the Board of Immigration Appeals holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Petitioner, "[t]his Court owes no deference to an agency's interpretation that conflicts with the statute's unambiguous text." *Bethancourt Soto*, 807 F. Supp. 3d at 408 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024)).

[4]    "If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*).  None should be ignored.  None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (Thomson/West eds., 1st Ed. 2012).

*See Centeno Ibbara*, 2025 WL 3294726, at *5-6 ("The government's interpretation of §

1225(b)(2) violates the rule against surplusage. If 'an applicant seeking admission' is the

same as 'an applicant for admission,' then 'seeking admission' is surplusage. Congress has

also recently adopted provisions in § 1226 that would be made superfluous under the

government's interpretation. If a noncitizen enters the country illegally and is subsequently

convicted or charged with certain crimes, these new provisions require that noncitizens be

detained without a bond hearing. Under the government's interpretation, § 1225 would

require such mandatory detention regardless of criminal charges or conviction. If this was

the case, Congress would have no need to create additional requirements for mandatory

detention.").

Here, although Petitioner is an "applicant for admission," he is not "seeking

admission" into the United States. Because Petitioner is not "seeking admission" into the

United States, Section 1225(b)(2)(A) does not apply to him.[5]  *See Barbosa da Cunha*, 175

F.4th at 74 ("Here, although Petitioner is an applicant for admission under the statutory

definition because he is present in the country and has never been admitted, it simply

---

[5]     The Court acknowledges that Respondents cite to the Fifth Circuit's recent decision in *Buenrosto-Mendez v. Bondi*, 166 F.4th 484 (5th Cir. 2026) , in which the Fifth Circuit—in a 2-1 decision—held that noncitizens like Petitioner were "applicants for admission" to the United States who were "seeking admission" and were thus subject to the INA's mandatory detention provision. The Fifth Circuit's ruling is not binding on this Court. Similarly, the Court is aware of the Eighth Circuit's decision in *Avila v. Bondi*, holding that noncitizens are subject to mandatory detention as an "applicant for admission" who was "seeking admission." *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Eighth Circuit's holding is not binding on this Court.

8

cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States."). Accordingly, the Court will grant the petition in part.[6]

## IV.    **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition will be granted in part because his mandatory detention under 8 U.S.C. § 1225(b) without a bond hearing is unlawful. Accordingly, Respondents will be directed to provide Petitioner with an individualized bond hearing before an IJ within seven (7) days of the date of this Order. A separate Order follows

Robert D. Mariani
United States District Judge

---

[6]    Petitioner also appears to bring claims under the 42 U.S.C. § 1983, *Bivens*, the Federal Tort Claims Act, and the Administrative Procedures Act, among others. The Court has carefully reviewed the remaining claims and finds many are not cognizable in habeas. *See Broussard v. Ebbert*, 2015 WL 6083541, at *2 (M.D. Pa. Oct. 15, 2015) (FTCA and *Bivens* claims "are not cognizable in habeas since they do not challenge the legality or duration of Petitioner's confinement, or the execution of his sentence.") (citing *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002)). To the extent Petitioner raises a conditions of confinement claim, without more detailed factual allegations supporting this claim, the Court cannot conclude that his case constitutes an "extreme case" that warrants habeas relief based on his alleged conditions of confinement at FCI Lewisburg. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). As for the remaining claims, Petitioner has failed to satisfy his burden to demonstrate facts entitling him to any habeas relief other than the bond hearing the Court is ordering.